## Hurley's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Cornelius C. O'Brien, Matthew Randall* and *Clinton A. Sowers,* for exceptant.

*M. T. McManus,* contra.

GEST, J., December 9, 1932.—In disposing of this case we deem it advisable to relate its history.

Samuel Hurley executed a deed of trust on July 29, 1927, by which he assigned the sum of $20,000 to Continental-Equitable Title and Trust Company, in trust to pay the income to the settlor during his lifetime, and upon his decease to pay over and distribute the trust estate in equal shares among the grandchildren of the settlor, viz., Edward G., Arthur J., Raymond B., Vincent P., Leo R., Richard L. and Samuel J. Hurley. The settlor reserved "the right to withdraw from the operation of the deed any or all of the property held in trust, to add other property, to change the beneficiaries, their shares or the plan of distribution, and to modify, amend, add to or entirely revoke this trust agreement." And the settlor directed the trustee to retain Byron, Longbottom, Pape & O'Brien as its attorneys in connection with the trust agreement.

In his lifetime the settlor withdrew $5000 of the trust fund, and died on November 6, 1931, leaving a widow, Mary Elizabeth Hurley, and a will dated May 25, 1927, with several codicils, the latest being dated May 18, 1931, by which, after sundry bequests, he gave his residuary estate one-half to his widow and one-half to his said seven grandchildren. The executors of the will are Robert J. Byron and Emil J. Schwab.

The surviving widow elected to take against the will.

At the audit of the account of the trustees under the deed the widow claimed that the deed of trust was testamentary in character and that the estate should be awarded to the executors of the will. It further appeared that three of the grandchildren, viz., Raymond B., Vincent P. and Leo R. Hurley were minors,

638

and the remaining four grandchildren were of age. A. S. Longbottom, Esq., entered his appearance for the trustee and for the four adult grandchildren, and also for George T. Schieder, guardian of the estates of the three minor grandchildren.

In the petition for distribution it was stated that a petition for the appointment of George T. Schieder as guardian of the estates of the minors was presented therewith. The petition for the appointment of Schieder as guardian was presented to the auditing judge, Henderson, J., who, however, hesitated to make the appointment, and stated that the guardian should have independent counsel. No appointment was made at that time.

Judge Henderson filed his adjudication on January 12, 1932, and awarded the fund to the executors of Samuel Hurley, and on January 19, 1932, the Continental-Equitable Title and Trust Company, trustee, filed exceptions on the ground that the auditing judge should have awarded the fund to the grandchildren of Samuel Hurley, the beneficiaries named in the deed. These exceptions were argued before the court in banc on the February argument list, and on March 11, 1932, they were dismissed in an opinion filed by Gest, J., reported in 16 D. & C. 521. No appeal was taken from the decree of this court, and distribution was in fact made of the estate to the executors of the will, represented by the same counsel, Byron, Longbottom, Pape & O'Brien.

On May 14, 1932, the petition of the three minor grandchildren, all being over fourteen years of age, was presented to the court upon the Friday motion list, being the identical petition presented to Judge Henderson at the audit and not acted upon by him. In the usual disposition of the current business, the petition was assigned to Gest, J., who entered a decree appointing the said George F. Schieder as guardian, his attention not being called to the fact that the very same petition, executed in January, 1932, had been previously presented to Judge Henderson.

On September 30, 1932, a citation was issued on the petition of George T. Schieder, guardian of the three minor grandchildren, directed to the trustee under the deed, the executors of the will of Samuel Hurley and the four adult grandchildren, to show cause why the decree of the court should not be reviewed, the adjudication corrected by an award of the trust fund to the grandchildren of the settlor, and why the petitioner, as guardian, should not have leave to file exceptions to the adjudication of Henderson, J., nunc pro tunc, on the grounds (1) that the three minor grandchildren were not properly represented at the audit, no guardian having been then appointed for them, and (2) that on May 26, 1932, the Supreme Court had, in the case of Beirne v. Continental-Equitable Title and Trust Company, decided that a similar deed of trust was not testamentary in character, this case being now reported in 307 Pa. 570.

Argument was accordingly held before the court in banc, and after consideration thereof and of the paper books of counsel, we are of opinion that the exceptions filed nunc pro tunc by the guardian and the petition for review should be dismissed.

It might be conceded that ordinarily, and under section forty-six (i) of the Fiduciaries Act of June 7, 1917, P. L. 447, the minor grandchildren of the decedent should be represented at the audit, but the facts in this case, as above related, were very extraordinary. While Schieder had not then been formally appointed as guardian, yet he, as guardian, and the four adult grandchildren, and the trustee for the grandchildren were all actually represented by the same counsel. Their rights were fully protected; the minors were all over the statutory age of fourteen years; and the guardian, Schieder, who was appointed on May 14, 1932, might have then applied to the court for a review, or might have

appealed to the Supreme Court. Instead of doing either of these things, he waited until distribution of the estate had actually been made to the executors, one of whom, Robert J. Byron, Esq., was a partner of A. S. Longbottom, Esq., who appeared as counsel at the audit. It was not until after the Supreme Court filed its opinion in Beirne *v.* Continental-Equitable Title and Trust Company that any action was taken to set aside the decree of this court. Moreover, under the terms of the deed of trust the trustee was in terms directed to distribute the estate among the several grandchildren, and we gravely doubt whether any appointment of a guardian was necessary to protect their interests which would follow from the terms of the trust.

The appointment of a guardian is only for the purpose of the protection of the rights of the minors, and they, in this case, were virtually represented at the audit by counsel, who entered his appearance for their guardian, and were actually represented by the trustee under the deed. See Gill's Estate, 20 Dist. R. 302. Cessante ratione cessat ipsa lex, and to permit the decree of this court and the distribution thereby directed and actually made to be ripped up, on the purest technicality, would be unjust to the other parties. A petition for review is not intended to take the place of exceptions to an adjudication, or of an appeal to a higher tribunal.

Aside from all this, we are of opinion that the case of Beirne *v.* Continental-Equitable Title and Trust Company, relied upon in the argument, is distinguishable from the present. There the trust in the deed was active after the death of the settlor, and not, as here, a merely dry trust for purposes of distribution, and this distinction was clearly made by the Supreme Court. And it appeared also in the Beirne case that the settlor executed the deed of trust with the "declared purpose to eliminate his wife" from any interest in the trust estate, leaving to her by will prepared at the same time only $40 a month. The case before us is free from any such complication. The question is a very simple one: Was the deed of trust testamentary in character, or not? In our opinion it was, for the reasons previously stated in the adjudication of Henderson, J., and the opinion filed by the court in banc, which it is not necessary to repeat.

The exceptions filed by the guardian and the petition for review are dismissed.